# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| THEOPHILUS AGEDAH | * |
| Petitioner | * |
| v | *     Civil Action No. ELH-11-2863 |
| STATE | * |
| Respondent | * |

## MEMORANDUM

The above-captioned petition for writ of habeas corpus was filed pursuant to 28 U.S.C. §2241, and accompanied by a motion to proceed in forma pauperis. Petitioner appears to be indigent and his motion shall be granted.

The petition seeks to overturn a petty larceny conviction from Arlington County, Virginia. Petitioner explains that he pled guilty to the charge on February 11, 2003, but was not advised of the immigration consequences of entering a guilty plea. Petitioner is currently in the custody of Immigrations Customs Enforcement (ICE) for purposes of deportation. He is confined in McElhattan, Pennsylvania. ECF No. 1.

A petition challenging the validity of confinement must be filed in the jurisdiction where the prisoner is confined. *See* 28 U.S.C. § 2241(a). To the extent the instant petition is more appropriately construed as a petition for writ of error coram nobis,[1] the petition should be filed in the jurisdiction where the conviction occurred. Federal coram nobis is not available to set aside a conviction from a state court. *See Thomas v. Cunningham*, 335 F. 2d 67, 69 (4th Cir. 1964) (coram nobis may only be issued by the court that issued the challenged judgment); *Finkelstein v. Spitzer*, 455 F. 3d 131, 134 (2d Cir. 2006) (federal district courts lack jurisdiction

---

[1] *Padilla v. Kentucky*, 130 S. Ct. 1473, 1480 – 81 (2010) (effective assistance of counsel includes advice regarding the risk of deportation).

to issue writs of coram nobis to set aside judgments of state courts); *Obado v. New Jersey*, 328 F. 3d 716, 718 (3rd Cir. 2003) (coram nobis unavailable in federal court to set aside state court criminal judgment); *Sinclair v. Louisiana*, 679 F. 2d 513, 514 (5th Cir. 1982) (same).

The instant petition has been filed in the wrong court under either interpretation of the remedy sought. Accordingly, by separate Order which follows, the petition will be dismissed, without prejudice.

October 13, 2011
Date

/s/
Ellen L. Hollander
United States District Judge